IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KEYYONNA PENISTER				PLAINTIFF

v.				No. 5:13-cv-387-DPM

CITY OF PINE BLUFF, ARKANSAS; DEBE
HOLLINGSWORTH, Mayor, Individually and in Her
Official Capacity; JEFF HUBANKS, Chief of Police,
Individually and in His Official Capacity; MICHAEL
SWEENEY, Police Officer, Individually and in His
Official Capacity; and CHRIS POWELL, Individually				DEFENDANTS

ORDER

1. In January 2013, Officer Keyyonna Penister was training to be a police officer with the Pine Bluff Police Department. She alleges that for a week her field training officer, Chris Powell, created a hostile work environment by sexually harassing her. Penister has pleaded several claims against the city, the mayor, Powell, officer Michael Sweeney, and the chief of police. № 21. In her summary judgment papers, though, Penister has abandoned all her claims except sexual harassment. *Satcher v. University of Arkansas at Pine Bluff Board of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009). Her harassment claim against Powell fails as a matter of law because individuals are not liable under Title VII or the Arkansas Civil Rights Act. *Schoffstall v. Henderson*, 223 F.3d 818, 821

n.2 (8th Cir. 2000); *Davis v. KARK-TV, Inc.*, 421 F.3d 699, 703–04 (8th Cir. 2005). Penister doesn't claim that officer Sweeney sexually harassed her. What remains is a harassment claim against the city, the mayor, and the chief of police. The Court takes the material facts, where genuinely disputed, in Penister's favor. *Nitsche v. CEO of Osage Valley Electric Co-operative*, 446 F.3d 841, 845 (8th Cir. 2006).

**2.** Penister works for the Pine Bluff Police Department. When she was training in January 2013, she spent two weeks at a time with different field training officers. One of these officers was Chris Powell. Penister worked with Powell from January 7th to January 13th. During this week, Powell made sexual comments to her, showed her pictures of women in underwear and heels, and asked her out for dinner and drinks.

On January 9th Penister text-messaged sergeant Neal, her former field training officer, noting that Powell had made some sexual comments to her. Sergeant Neal threatened to report Powell, but Penister said that she had it under control. Sergeant Neal told her to alert him as soon as she thought Powell had crossed the line.

On January 13th Penister took pictures of Powell touching her on the shoulder, neck, and face. She sent the pictures to sergeant Neal with the phrase "Powell is crossing the line!!!!". № 33-14. Sergeant Neal reported the harassment that day, № 33-15; Powell was suspended that same day, № 33-17; and Penister was placed with a new field training officer on her next work day. An investigation of Powell ensued; and he was eventually fired.

**3.** The Pine Bluff Police Department took immediate, remedial action. *Vajdl v. Mesabi Academy of KidsPeace, Inc.*, 484 F.3d 546, 550 (8th Cir. 2007). The initial exchange between Penister and sergeant Neal January 9th did not make the Pine Bluff Police Department aware of sexual harassment. Penister said she had Powell's unacceptable behavior under control, which stopped inquiry by sergeant Neal. When Penister reported that Powell had finally crossed the line on January 13th, the Department's system worked. She and Powell were separated. The circumstances were investigated. And Powell was disciplined in due course. Penister's claim fails as a matter of law because it is undisputed that the Department cured the hostile work environment immediately after Powell sought a remedy. *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 692–93 (8th Cir. 2012).

\* \* \*

Motions for summary judgment, № 29 & № 32, granted.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 August 2015